UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: )
)
LOUISE BURTON-ALSTON, ) Case No. 1:06cv765
)
      Debtor. )
_____)
)
Felicia Sprincenatu, )
      APPELLANT, )
)
v. )
)
Richard M. Hutson, II, Trustee, )
      APPELLEE. )
_____)

## BRIEF OF APPELLEE IN SUPPORT OF MOTION TO DISMISS APPEAL

## TABLE OF AUTHORITIES

RULES AND STATUTES:

    Federal Rules of Bankruptcy Procedure 8001

    Federal Rules of Bankruptcy Procedure 8009

    Federal Rules of Bankruptcy Procedure 8006

    11 U.S.C. §350

    11 U.S.C. §1328(e)

CASES:

    In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992)

    In re SPR Corp., 45 F.3d 70 (4th Cir. 1995)

    In re Weiss, 111 F.3d 1159 (4th Cir. 1997)

## STATEMENT OF THE ISSUE PRESENTED

Whether the District Court should exercise its authority to dismiss the appeal pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") for the failure of the Appellant to comply with the procedural requirements of the Bankruptcy Rules, specifically Rule 8009(a), which requires that the Appellant file a brief within 15 days of the docketing of the appeal.

## STATEMENT OF THE CASE

This is an appeal by a creditor, Felicia Sprincenatu, ("the Appellant") in the above-referenced debtor's Chapter 13 case of two court orders denying her motions for reopening the bankruptcy case. The debtor, Louise Burton-Alston ("the Debtor"), filed a Chapter 13 case on December 10, 1997, and the plan was confirmed on March 10, 1998. The confirmed plan provided for payments of $2,000.00 per month and a dividend to unsecured creditors of approximately ten percent (10%). The initial schedule of creditors filed by the Debtor did not include Appellant's name and address as a creditor.

The Debtor notified the Trustee to include the Appellant as a creditor and, subsequently, the Appellant filed a claim in the amount of $50,000.00. The claim of the Appellant was based on the alleged negligence of the Debtor resulting in an automobile accident involving the Appellant. On September 2, 1998, an Order was entered by the Honorable James B. Wolfe, Jr. lifting the automatic stay to permit the Appellant and the Debtor to litigate the automobile accident claim in state court. On August 2, 1999, the parties entered into a Consent Judgment agreeing to a claim in favor of the Appellant in the amount of $30,000.00. Consistent with that judgment, the Trustee filed a motion with the Court to allow the liquidated claim of the Appellant as a general unsecured claim in the amount of $30,000.00. Appellant objected to the Trustee's motion and a hearing was held on January 4, 2000. The Court entered an Order on February 9, 2000, allowing Appellant an unsecured claim in the bankruptcy case. Thereafter, Appellant made a series of attempts to appeal the Order entered February 9, 2000. Ultimately, this Court dismissed the appeal on January 16, 2001.

On December 31, 2001, the Trustee disbursed $548.99 on Appellant's claim on check number 456570. The check was sent to the address furnished by the Appellant at 1715 Chapel Hill Road, Apt. 1, Durham, NC 27707. The check was returned by the U.S. Postal Service and marked "Not Deliverable as Addressed, Unable to Forward." On March 7, 2002, a representative of the Trustee's office called directory assistance to find a telephone number for the Appellant. No number was listed. On March 7, 2002, the same representative wrote a letter to the Debtor and her attorney asking for the Appellant's correct address. The Trustee's office received a written response from the Debtor that she did not know the Appellant's new address. Thereafter, the Trustee filed a motion to disallow the balance of Appellant's unsecured claim as abandoned, an established procedure under bankruptcy law. An order was entered by the bankruptcy court granting the Trustee's motion on April 4, 2002.

The Debtor subsequently completed her Chapter 13 plan and received a discharge on September 16, 2002. On August 16, 2005, almost three years after the discharge was entered, the Appellant filed a Motion to Reopen the case on the grounds that the Debtor had engaged in fraud, the Trustee's office was negligent in the handling of the case, and that the Appellant's claim is non-dischargeable. A hearing was held on December 1, 2005, before the Honorable Thomas W. Waldrep, Jr. At the hearing, the Appellant was represented by counsel and was provided the opportunity to testify concerning her allegations of fraud and neglect. After weighing all the evidence presented, Judge Waldrep found that the Appellant had failed to carry her burden of proof and denied her motion to reopen the case. An Order was entered denying the motion on January 3, 2006.

On January 19, 2006, the Appellant filed a Motion to Reconsider the January 3, 2006 Order. In her Motion, the Appellant argued that the Court and the Trustee deliberately misdirected court papers that were to be served on her in order to prevent her from taking timely action. She further argued that her attorney at the December 1, 2005 hearing had neglected to introduce available evidence in support of the Appellant's claim of fraud and neglect. Finally, she argued that newly discovered evidence clearly showed that the Chapter 13 case was fraudulent.

A hearing was held on April 27, 2006. The Appellant appeared pro se at the hearing. On May 10, 2006, Judge Waldrep issued an Order denying the Appellant's Motion for Reconsideration on the grounds that she failed to meet the standard for excusable neglect found in Rule 60(b) of the Federal Rules of Civil Procedure. Subsequent to the entry of that order, the Appellant filed a Notice of Appeal on May 22, 2006, of both the January 3, 2006 Order and the May 10, 2006 Order. On July 11, 2006, the Appellant filed her Designation of Items to be Included in Appeal. Appellee filed a Designation of Additional Items to be Included in Appeal on August 17, 2006. On September 11, 2006, the record was transmitted to the United States District Court and thereafter docketed on September 13, 2006.

## ARGUMENT

The appeal of Ms. Sprincenatu should be dismissed on the grounds that she has failed to comply with Bankruptcy Rule 8009(a)(1) which provides that "the appellant shall serve and file a brief within 15 days after entry of the appeal on the docket." Fed.R.Bank.P. 8009(a)(1). Clearly, the Appellant has failed to abide by this rule of appellate procedure. The appeal was docketed on September 13, 2006. Some seven months later, the Appellant has still not submitted the required brief. No motion has been filed requesting an extension of time to file a brief, and no explanation has been given as to why the procedural requirement of Rule 8009(a)(1) has been blatantly ignored.

Rule 8001(a) provides this Court with the authority to dismiss this appeal for the Appellant's failure to abide by Rule 8009(a)(1). Rule 8001(a) provides, in part, that "an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, **which may include dismissal of the appeal**. Fed.R.Bank.P. 8001(a)(emphasis added). Under this language, it is clear that the district court has within its discretion the power to impose sanctions, including dismissal, upon an appellant for not complying with the procedural requirements of the Bankruptcy Rules. In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir., 1992); In re Weiss, 111 F.3d 1159, 1173 (4th Cir., 1997).

Because the procedural requirement of filing a brief found in Rule 8009 is non-jurisdictional in nature, this Court has discretion under Rule 8001(a) to consider measures short of dismissal. See In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). Rule 8001(a) is to be applied through a test formulated by the 4th Circuit Court of Appeals in the case of Serra Builders v. John Hanson Savings Bank, 970 F.2d 1309 (4th Cir. 1992). In that case, the 4th Circuit Court of Appeals held that the district court properly dismissed an appeal where the appellant filed a late designation of items to be included in the record, never requested an extension of time to file before the expiration of the required time period under Rule 8006, and the only explanation was that its attorney was out of the country. Id. at 1311. In determining whether to dismiss an appeal for violating a non-jurisdictional rule, a district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. Id.

Appellee urges this Court to make a finding of bad faith or negligence on the part of the Appellant in failing to comply with Rule 8009(a)(1). The Appellant's failure to timely file a brief in further prosecution of her appeal is nothing more than a continuation of her practice of meritless litigation in this proceeding. The Appellant has a history of filing appeals in this case without merit. On January 11, 2001, this Court dismissed her appeal of an Order entered by the Honorable James B. Wolfe, Jr. on the grounds that she failed to comply with the Bankruptcy Rules, specifically Rule 8009. Six years later, this Court is again having to address this Appellant's blatant disregard for procedure.

Alternatively, Appellee urges this Court to find that the delay prejudices other parties, including the Appellee and the Debtor in this case. The Debtor filed her Chapter 13 case in 1997 and received a discharge in 2002, yet five years later, she is still unable to achieve any kind of finality to her Chapter 13 case for the Appellant's attempts to collect a debt that has been discharged through a proceeding (the Chapter 13 case) that has been closed for years. The Bankruptcy Code permits a creditor to challenge a discharge order

obtained through fraud, but Appellant is well outside the time period for such an action. See 11 U.S.C. §1328(e). Therefore, the debt of Appellant is discharged and no action for revocation of that discharge may be successfully maintained. The Appellant's efforts are without merit and serve only to harass the Debtor who has done all that is required of her under the Bankruptcy Code.

## CONCLUSION

This Court should dismiss the appeal of Ms. Sprincenatu for her failure to file a brief as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. Such a decision is well within the discretion of the Court and its authority under Rule 8001(a). This Court's consideration of the factors listed in In re Serra Builders support such a determination. The Appellant has not come forward with a good reason for her violation of appellate procedure. She has had over seven months to do so. The Appellant has managed to litigate her claim in this Chapter 13 case for the better part of ten years and the matter should finally be laid to rest and concluded. The Appellant's chances of prevailing on appeal are severely limited given the Bankruptcy Court's discretion in reopening cases under 11 U.S.C. §350. Continued prosecution of this appeal prejudices both the Appellee and the Debtor and ultimately serves no purpose given the Appellant's chances for success.

This the 9th day of April, 2007.

/s/Benjamin E. Lovell
Benjamin E. Lovell
Attorney for Appellee
P.O. Box 3613
Durham, N.C. 27702
State Bar No. 23266
Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing document upon the following parties by electronic noticing system or by depositing a copy of the same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure:

1. Felicia Sprincenatu (Appellant)
   2412 Vesson Ave., Apt. 2
   Durham, NC 27707

2. William L. Yaeger, Esq.
   P.O Box 100
   Durham, NC 27702

This the 9th day of April, 2007.

                                                  /s/Benjamin E. Lovell
                                                  Benjamin E. Lovell, Esq.
                                                  Attorney for Appellee